ROANE, Judge.
The question in this cause turns upon the legality of the demand and receipt of the fees, which are found by the special verdict to have been paid by the appellee to the appellant.
It is certainly a general principle, running through our code of laws, that an imprisoned debtor shall himself bear the charges of his maintenance.
This principle, however, admits of exceptions. For instance, by the District Court law of 1788, c. 67, § 98, [12 Slat. Larg. 756,] it is provided, that the maintenance of an insolvent debtor imprisoned by process of the District Court, shall be borne by the public. It is also enacted, as a general exception from the principle, that the fees of an insolvent debtor shall be paid by the creditor. But, in either case, it is incumbent on a party claiming an exemption from the general principle, to be able to sustain it by a fair construction of the laws.
As it appears by the bond found by the verdict, that the prisoner Claiborne was imprisoned by the District Court of Richmond, on the return of a habeas corpus directed to the Jailor of Chesterfield, perhaps this case might more properly fall within the first exception above stated; and, then the charges would in no event be payable by the creditor. But, I will consider it on the ground on which it was placed by the counsel.
In this view, the exception is set up under the act of 1772, c. 13, § 1, [8 St at. Larg. 527,] (since re-enacted) *473 [e. 134, § 42, R. C. ed. 1819,] declaring, that where any person shall be committed to prison, and shall not be able to satisfy and pay his ordinary prison-fees, the Sheriff or Jailor may demand and receive of the party or parties, at whose suit such insolvent person shall be imprisoned, all such fees as shall become due, until such creditor shall agree to release such prisoner.- It is clear that the word insolvent here, is not to be taken in the sense of insolvency, by having taken the oath prescribed by law; because, after that, the prisoner cannot be detained at all. But, it is equally clear, that this clause extends only to such prisoners as are unable to pay their ordinary prison-fees. And the clause in the act of 1789, providing for the case of a prisoner detained on several executions, is only intended to meet that particular case; and not to change or enlarge the exception before stated.
If, then, the provision only extends to charge a creditor, where his debtor is not able to pay the fees, ought a jury to justify a Jailor in demanding them, where the prisoner is proved to them to.be able to pay the fees himself? Or, ought a Court to exonerate the Jailor, on a special verdict finding that the prisoner was able to pay the fees ?
The arguments of the appellant’s counsel, shewing the hardship imposed on the Jailor by the construction adopted by the District Court in this instance, would be properly addressed, if any where, to the Legislature. But, there may also be hardship on the other side; and, it is clear, that if the discretion now asserted on behalf of the Jailor be sustained, it may operate as a repeal of the act, so far as it respects the inability of the debtor; and, throw upon a creditor, in any case, a burthen which is only imposed on him by law, in the event of his debtor’s being unable to support himself in prison.
But, what is the hardship now complained of? It is only imposing on a public officer, Who is paid for his duties, a peril of which there are a thousand analogous instances in. the law; and, it -is surely better to hold him to a strict responsibility in this instance, than to adopt a construction which breaks down a barrier established by law, and enables him to impose a charge, at his discretion, upon a third person, whose interest in this particular, the law has designed to protect.
The money in question, therefore, having been illegally demanded and received by the appellant, from the appellee, was so much money received to the use of the plaintiff» *474 and, consequently, the judgment Of the District Court ought to be affirmed.
FLEMING and CARRINGTON,- Judges.
Both concurred, that the judgment ought to be affirmed.
LYONS, Judge.
It is, indeed, a hard case, upon the Jailor; but still the law must prevail. If the Jailor had brought an action against the appellee for the fees, in order to recover, he must have averred and proved that the debtor was unable to pay them; and the principle is the same, whether he he plaintiff or defendant. The insolvency of the débtor is absolutely necessary to be shewn, in either case.* The Court is, therefore, unanimously of opinion, that the judgment of the District Court should be affirmed.
Judgment affirmed.

[* Meredith's adm’x. v. Duval. 1 Munf. 76.]